ARTHUR VANDERBECK, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 2, 1911.

1. **MASTER AND SERVANT:** Personal Injury: Contributory Negligence: Assumption of Risk. Where a railroad company places on a storage track large and heavy locomotive drive wheels connected in pairs by a single axle, and leaves them unblocked so that when one pair is moved the one next to it will come forward without human agency and one of the company's servants in assisting to move one pair has his hand crushed by the next one coming up and catching it against the one being moved, it was *held*, that the company was liable in damages unless the evidence showed that the servant assumed the risk or was guilty of contributory negligence.

2. ——: ——: Expenses: Loss of Time: Instructions. In an action for damages for personal injury if nothing is claimed by way of loss of time or expenses, it is not error to refuse an instruction for defendant that compensation for those elements could not be allowed.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*J. L. Minnis* and *Robertson & Robertson* for appellant.

(1) The court erred in refusing to instruct a verdict for the defendant at the close of the evidence for the plaintiff and at the close of all the evidence. Because the plaintiff failed to establish any negligence on the part of the defendant. Proof that if the pair of wheels had been blocked the injury would not have occurred is not proof of negligence. Muirhead v. Railroad, 19 Mo. App. 644; Smith v. Railroad, 69 Mo. 37; Conway v. Railroad, 24 Mo. App. 235; Harrington v. Railroad, 104 Mo. App. 663; Saversnick v. Schwarzchild, 125 S. W. 1123; Hallingsworth v. Biscuit Co.,

114 Mo. App. 20. (2) Because the evidence showed that the pair of wheels were kept on the storage track in the ordinary way according to the method followed by the defendant's servants working with them and that their rolling in this way was ordinarily incident. Therefore plaintiff assumed the risk of injury from the wheels rolling by reason of his contract of employment. Harrington v. Railroad, supra; Bradley v. Railroad, 138 Mo. 302; Roberts v. Telephone Co., 166 Mo. 378; Thompson on Neg., sec. 4613; Steinhauser v. Spraul, 127 Mo. 562; 2 Thompson on Neg., sec. 1008; Saversnick v. Schwarzchild, 125 S. W. 1123. (3) Because the plaintiff's own evidence shows that it was the practice to place wheels upon the storage track without blocking them, which the plaintiff well knew and that he knew that drive wheels would roll if the counter balances were not in a certain position. And therefore, the plaintiff knowing these things, the maxim "volenti fit injuria" applies as well. 4 Thompson on Neg., secs. 4610-4612; Mathias v. Stockyards Co., 185 Mo. 434; Pauck v. Provision Co., 159 Mo. 478; Lee v. Railroad, 112 Mo. App. 393; Fugler v. Bothe, 117 Mo. 475. (4) Because the negligence of the plaintiff at the time of his injury directly contributed to produce it. He knew that if the wheels should not be blocked and the counter balances were not in a certain position the wheels would roll when the support of the second pair was removed. Yet he made no effort whatever to ascertain whether the third pair were blocked nor to ascertain the position of the counter balances. This was his own testimony. (5) The court erred in giving plaintiff's instruction "I." This instruction is erroneous in submitting to the jury failure to block the wheels as negligence without requiring the jury to find before they could find defendant guilty of negligence in this regard, that this was not the usual method of handling the wheels and that the risk of in-

jury therefrom was not assumed, by plaintiff. To say the least, plaintiff's assumption of risk was an issue of fact in the case and should have been submitted to the jury.   Harrington v. Railroad, supra; Saversnick v. Schwarzchild et al., supra.

*Aubrey R. Hammett* for respondent.

(1)   Counsel for appellant devote their entire argument to the contention that "under the pleadings and the evidence plaintiff is not entitled to recover." "Because plaintiff failed to establish any negligence on the part of defendant," etc.   In this connection recall the duty of master to servant.   "A master is required to supply by the exercise of reasonable care, safe appliances, safe place to work, and is required not to expose his servant to needless hazard as to the place where the work is prosecuted or the manner of its performance, and whether it be machinery the servant is to apply or whether it be the place or manner of doing the work, it is the duty of the master to carefully protect the servant."   Halliburton v. Railroad, 58 Mo. App. 27.   (2)   The care required of defendant in this behalf is such as a reasonable prudent man would have used under the same circumstances, and the failure of defendant so to do would be negligence, rendering it liable.   McMahan v. Pacific Ex. Co., 132 Mo. 641.   (3)   It is conceded that the defendant, through its duly authorized agents, placed the drive wheels upon the track as alleged in plaintiff's petition, i. e., in such a position that when the first and second pairs were rolled out the third pair, of its own weight and volition, ran out and followed the second set of wheels, which plaintiff and other servants were pushing, a distance of eighteen or twenty inches, and caught plaintiff's hand and mashed it, and that the said third set or pair of wheels had been placed as they were

found on this occasion, without having been fastened, blocked or scotched in any way to prevent them from starting as they did when the set of wheels immediately in front of them should be moved. The duty upon the master to render plaintiff's labor safe or to lessen the hazard of the same can be done by the exercise of reasonable care is a continuing duty and can only be performed by timely inspections and observations on the part of the master. Lee v. Railroad, 112 Mo. App. 372.

ELLISON, J.—Plaintiff was an employee of defendant and was injured while engaged in labor for it. He charges his injury to the negligence of defendant and brought this action for damages and recovered judgment in the trial court.

He was engaged with several others in moving engine drive wheels along a level storage track in defendant's machine shop. These wheels are about fifty-six inches in diameter, attached stationary to a connecting axle. They were kept upon the storage track in various numbers until needed for use, and while so stored in this way were kept together, each wheel touching the next one to it. Each wheel is solid half way to the hub between certain of its spokes, making a weight, or counter-balance. The wheels are so fastened and arranged upon the axle that these weights, or counter-balances, are not in the same position upon the two wheels in relation to the axle but have their center points and arc of ninety degrees apart. The result of this arrangement is such that if a pair of wheels be left standing alone upon a level track they will not remain at rest unless they are positioned so that the counter-balances are below the axle and equidistant from the rails, and if the wheels be left in any other position they will roll one way or the other until the counter-balances on the two wheels are equidistant

from the rails, when an equilibrium is reached. At the time of plaintiff's injury a number of sets of these wheels were at rest upon this track. The plaintiff and co-employees had moved one pair several feet to the north and were engaged in moving the second pair, and had proceeded with it some fifteen or twenty inches, when the third pair rolled forward. Plaintiff at that time had his left hand on the rim of the right hand wheel of the pair which he was moving, about half the diameter of the wheel from the rail, and the rim of the right hand wheel of the third pair caught his hand against the rim of the second pair and injured it. The evidence tended to show that the counter-balances on the third pair of wheels were in such position that when the support of the second pair was removed, they would roll forward toward an equilibrium. There was evidence also that none of the pairs of wheels was blocked, and if the third pair had been blocked they would not have rolled forward. The evidence also showed that blocks, on other stay, were used to hold the wheels in position while they were being placed upon the storage track.

Plaintiff's petition alleges that the plaintiff was working under the direction of a foreman, or boss, at the time of his injury; that if the wheels were placed so that the counter-balances are above the axles the wheels will begin running if not blocked or scotched, and charges that it was the duty of the defendant when the drive wheels were placed upon the track to have blocked or scotched each pair of wheels as they were placed upon the track, to prevent them from running out on the track, and charges that the defendant negligently and carelessly failed to do this, and negligently placed the wheels on the track without scotching or in any way fastening them to prevent them from running out of their own accord.

The foregoing is the case (substantially) as stated

by the defendant. There was evidence tending to support facts as thus stated.

Defendant insists that plaintiff knew, or should have known, that the wheels were not blocked and would run forward if those next were moved from their support, and that therefore he was guilty of either contributory negligence or that he assumed the risk. There is no doubt that no such case is made by the evidence as would have justified the court in peremptorily directing a verdict for defendant on the ground either of contributory negligence or assumption of risk. It was therefore proper for the court to submit those questions to the jury; and it did so in several plain instructions offered in defendant's behalf, whereby the jury were given clearly to understand that no verdict for plaintiff could be rendered if he took upon himself the risk of injury, or was guilty of any negligence contributing thereto.

We are not unmindful of defendant's criticism of the instructions, especially of the action of the court in modifying or altering several which it offered. The changes made were all in the interest of a fair understanding by the jury of what was necessary to justify a verdict for plaintiff. Considered as a series, as they should be, they presented every phase of the case arising under the evidence in such way as not to be misunderstood. In our view of the case the defendant got more than it was entitled to in having submitted any question of assumption of risk by the plaintiff. We think that no such question arose under the evidence and law as applied in this state, it being radically different from that announced in many other jurisdictions.

Under the pleadings and evidence it was not error to refuse defendant's instruction on the measure of damages concerning loss of wages, time and expenses. Nothing of that nature was asked by plaintiff.

In view of the great weight of the wheels standing against each other on a storage track and that one or more pairs of them would be taken from such track at different times; that they were so constructed that unless the solid or counter-balance parts were left in certain position the wheels would move forward without the aid of human agency, we think it may well be found as a fact that it was negligence to omit so simple a remedy as blocking them.

We find no substantial error materially affecting the merits of the controversy, which makes it our duty to affirm the judgment. All concur.